**In re AMERICA ONLINE, INC.,
Version 6.0 Software
Litigation**

**Melanie Mars**

v.

**America Online, Inc., C.D. California,
C.A. No. 8:00–1202.**

**Mark Chester**

v.

**America Online, Inc., N.D. Illinois,
C.A. No. 1:00–8139.**

**John Lukin**

v.

**America Online, Inc., E.D. New
York, C.A. No. 2:00–7674.**

**No. 1412.**

Judicial Panel on Multidistrict Litigation.

Aug. 16, 2001.

Before Wm. Terrell HODGES,
Chairman, John F. KEENAN, Morey L.
SEAR, Bruce M. SELYA,* Julia Smith
GIBBONS, D. Lowell JENSEN and J.
Frederick MOTZ,* Judges of the Panel.

### TRANSFER ORDER

HODGES, Chairman.

This litigation consists of three actions pending in the Central District of California, the Northern District of Illinois and the Eastern District of New York. Plaintiffs in the three actions move the Panel,

---

* Judges Selya and Motz took no part in the decision of this matter.

pursuant to 28 U.S.C. § 1407, for centralization of the litigation in the Northern District of Illinois. America Online, Inc.(AOL), the sole defendant in all three actions, states that it does not oppose plaintiffs' motion.

■ On the basis of the papers filed and the hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported statewide class actions in which plaintiffs seek to recover from defendant AOL, an Internet service provider, for problems they allegedly encountered after AOL distributed a software upgrade, AOL Version 6.0. Plaintiffs in all actions allege that AOL did not tell its customers that Version 6.0 would make substantial changes to their operating systems, which in some instances could impair the functioning of their systems and prevent them from connecting to the Internet altogether. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the Northern District of Illinois is the appropriate transferee forum for this docket. We note that i) all parties support selection of that district; and ii) the geographically central district will be a convenient location for a litigation already nationwide in scope.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed above and pending in districts other than the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Wayne R. Andersen for coordinated or consolidated pretrial proceedings with the action pending in that district.